IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

v.                                        CASE NO. 4:14-cv-672-RH-GRJ

KATHLEEN KIRWIN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court for screening of Doc. 1, a *pro se* civil rights Complaint. Plaintiff is a former prisoner who was released from confinement on July 2, 2014. Plaintiff filed this case and several others on the day of his release. Plaintiff has been granted leave to proceed as a pauper by separate order. Doc. 10.

As has been recounted in Plaintiff's other cases, Plaintiff seeks relief in connection with a 2002 prosecution for a controlled-substance offense, for which Plaintiff pleaded guilty and served a 10-year prison sentence. Plaintiff currently has pending a civil case against the Tallahassee police officers who stopped him for a traffic infraction, found cocaine during a search, and arrested Plaintiff. *See Rolle v. Dilmore*, Case No. 4:14-cv-339-RH-CAS Doc. 12 (12/3/14). In *Rolle v. Dilmore*, the Court dismissed other claims that Plaintiff sought to pursue against a judge who presided over his case, James Hankinson, his assistant public defender, Kathleen Kirwin, an assistant state attorney, John Maceluch, and the Second Judicial Circuit Court. *Id*. (Order adopting Report and Recommendation, Doc. 6, which concluded that such claims were

time-barred, barred by immunity doctrines, or precluded because the named entities were not subject to suit).

The instant Complaint suffers from the same defects. Plaintiff names as Defendants Judge Hankinson, assistant public defender Kathleen Kirwin, assistant state attorney John Maceluch, and the "State Attorney Office." Doc. 1. Plaintiff contends that Defendants violated Plaintiff's rights in connection with the 2002 prosecution by conspiring in various ways to secure his conviction and by misusing procedural rules to cause Plaintiff to plead guilty. *Id*.

As explained in *Rolle v. Dilmore*, Plaintiff's claims are barred by the four-year statue of limitations applicable to suits under 42 U.S.C. § 1983. *Burton v. City of Belle Glade,* 178 F.3d 1175, 1188 (11th Cir. 1999) (in Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act.").

Further, Plaintiff's claims against Judge Hankinson are barred because a judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000), *quoting Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Absolute judicial immunity, like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

Plaintiff's claims against assistant state attorney John Maceluch are likewise barred. "In § 1983 actions, prosecutors have absolute immunity for all activities that are

" 'intimately associated with the judicial phase of the criminal process.' " *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281.

Plaintiff's claims against Kathleen Kirwin cannot go forward because representation by public defenders is not "state action" and gives no rise to liability under § 1983 absent a conspiracy with state actors. *See Richardson v. Fleming*, 651 F.2d 366, 371 (5th Cir. 1981); *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). The actions of defense counsel in representing Plaintiff are the acts of a private party. The law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)(holding that under the facts of this case, a public defender was not acting "under color of state law" but declining to hold that a public defender never acts in that role). The allegations of the Complaint are plainly insufficient to establish the existence of a conspiracy that would support a § 1983 claim.

Lastly, Plaintiff is not entitled to relief against the "State Attorney's Office," which is protected by prosecutorial immunity and further is not a entity subject to suit under § 1983. *See Rolle v. Dilmore*, Case No. 4:14-cv-339-RH-CAS Doc. 12 at 3, (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996) (state sued in its own name has Eleventh Amendment immunity, regardless of the relief sought, unless the immunity

has been waived or validly abrogated by Congress.).

For the foregoing reasons, It is respectfully **RECOMMENDED** that this case be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii), that any pending motions be **TERMINATED** and the case closed.

**IN CHAMBERS** at Gainesville, Florida, this 7th day of May 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**